1
2
3
4

BONNETT, FAIRBOURN, FRIEDMAN
& BALINT, P.C.
PATRICIA N. SYVERSON (CA SBN 203111)
600 W. Broadway, Suite 900
San Diego, CA 92101
psyverson@bffb.com
Telephone:  (619) 798-4593

5
6
7
8
9

BONNETT, FAIRBOURN, FRIEDMAN
& BALINT, P.C.
ELAINE A. RYAN *(Admitted Pro Hac Vice)*
CARRIE A. LALIBERTE *(Admitted Pro Hac Vice)*
2325 E. Camelback Rd. Suite 300
Phoenix, AZ 85016
eryan@bffb.com
claliberte@bffb.com
Telephone:  (602) 274-1100

10

*Attorneys for Plaintiff Edward Luparello*
*Additional counsel on signature page*

11
12

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

13
14
15

JI KWON, individually and on behalf of all
others similarly situated,

                Plaintiff,
        v.

16

ROBINHOOD FINANCIAL LLC, *et al.*,

17

                Defendants.

18
19

EDWARD LUPARELLO, on behalf of
himself and all others similarly situated,

20

                Plaintiff,

21

        v.

22

ROBINHOOD FINANCIAL LLC, *et al.*,

23

                Defendants.

SARKHAN NABI, individually and on behalf
of all others similarly situated,

24
25

                Plaintiff,

26

v.
ROBINHOOD FINANCIAL, LLC, *et al.*

27

                Defendants.

28

Case No.:  4:20-cv-09328-YGR

<u>**CLASS ACTION**</u>

**PLAINTIFF EDWARD LUPARELLO'S
NOTICE, MOTION, AND
MEMORANDUM OF POINTS OF
AUTHORITIES IN SUPPORT OF
CONSOLIDATION, APPOINTMENT AS
LEAD PLAINTIFF, AND APPROVAL OF
SELECTION OF LEAD COUNSEL**

Date:        March 23, 2021
Time:        2:00 p.m.

Hon. Yvonne Gonzalez Rogers

Related Case 21-cv-00415-YGR
                    21-cv-00755-YGR

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

PLEASE TAKE NOTICE that on March 23, 2021 at 2:00 p.m., Plaintiff Edward Luparello ("Plaintiff") will move for an order to: (1) consolidate the above-captioned Related Actions; (2) appoint Plaintiff Luparello as Lead Plaintiff in this action; and (3) approve Plaintiff Luparello's selection of Bonnett, Fairbourn, Friedman & Balint, P.C. ("BFFB") as Lead Counsel for the Class.

Plaintiff's Motion is supported by the accompanying Memorandum of Points and Authorities, the declaration of Patricia N. Syverson, the pleadings on file in this action, oral argument, and such other matters as the Court may consider in hearing this Motion.

First, Plaintiff moves to consolidate three related actions because these Actions arise from the same operative facts, assert claims against overlapping defendants, and meet the standards of Fed. R. Civ. P. 42(a).  Second, Plaintiff moves for his appointment as lead plaintiff because he believes that he is the most "adequate plaintiff" as defined in the Private Securities Litigation Reform Act of 1995.  He has the largest known financial interest in the relief sought by the Class, having conducted 310 trades involving a total of 314,146.073 shares during the Class Period using Robinhood's brokerage services.  Finally, Plaintiff satisfies the typicality and adequacy requirements of Federal Rule of Civil Procedure 23.

Dated: March 8, 2021

BONNETT, FAIRBOURN, FRIEDMAN & BALINT, P.C.
*/s/Patricia N. Syverson*
Patricia N. Syverson (203111)
600 W. Broadway, Suite 900
San Diego, CA 92101
psyverson@bffb.com
Telephone:  (619) 798-4593

BONNETT, FAIRBOURN, FRIEDMAN & BALINT, P.C.
Elaine A. Ryan *(Admitted Pro Hac Vice)*
Carrie A. Laliberte (*Admitted Pro Hac Vice*)
2325 E. Camelback Rd., Suite 300
Phoenix, AZ 85016
eryan@bffb.com
claliberte@bffb.com
Telephone:  (602) 274-1100

THE PASKOWITZ LAW FIRM P.C.
Laurence D. Paskowitz *(To be Admitted Pro Hac Vice)*
208 East 51st Street, Suite 380
New York, NY 10022

MOTION ISO CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL

lpaskowitz@pasklaw.com
Telephone:   (212) 685-0969

GREENWICH LEGAL ASSOCIATES, LLC
Adam Frankel
881 Lake Avenue
Greenwich, CT  06831
adam@grwlegal.com
(203) 622-6001

*Attorneys for Plaintiff*

MOTION ISO CONSOLIDATION,
APPOINTMENT AS LEAD PLAINTIFF, AND
APPROVAL

### MEMORANDUM OF POINTS AND AUTHORITIES

**I.      STATEMENT OF ISSUES TO BE DECIDED**

1. Whether the Court should consolidate the three above-captioned related actions (the "Related Actions"), which involve common questions of law and fact, pursuant to Rule 42(a) of the Federal Rules of Civil Procedure;

2. Whether the Court should appoint Plaintiff Luparello as Lead Plaintiff pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA" or the "Act"), 15 U.S.C. § 78u4(a)(3)(B); and

3. Whether the Court should approve of Plaintiff Luparello's selection of Bonnett Fairbourn Friedman & Balint, P.C. ("BFFB") as Lead Counsel for the proposed class, pursuant to 15 U.S.C. § 78u4(a)(3)(B)(v).

**II.      INTRODUCTION**

Three related securities class actions brought on behalf of individuals who used Robinhood's brokerage services are currently pending in this Court: (1) *Kwon v. Robinhood Financial LLC and Robinhood Securities LLC*, Case No. 20-cv-9328-YGR[1]; (2) *Luparello v. Robinhood Financial LLC, Robinhood Securities, LLC, and Robinhood Markets, Inc.*, Case No. 21-cv-00415-YGR; and (3) *Nabi v. Robinhood Financial LLC and Robinhood Securities LLC,* Case No. 21-cv-00755-YGR (collectively, the "Related Actions"). The PSLRA requires district courts to resolve consolidation before appointing a lead plaintiff in securities cases.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(ii).  Here, the Related Actions should be consolidated because each asserts nearly identical claims against two of the same defendants[2] on behalf of a Class of individuals who used Robinhood's brokerage services during overlapping Class Periods.[3]  *See* Fed. R. Civ. P. 42(a); Section IV(A), below.

---

[1] On December 23, 2020, this action was filed on behalf of Plaintiff Justin Lemon.  Thereafter, Plaintiff Lemon was voluntarily dismissed and on January 5, 2021 a First Amended Class Action Complaint was filed naming Plaintiff Ji Kwon.  (*Kwon* D.E. Nos. 7, 9-10).

[2] Plaintiff Luparello is the only plaintiff who also named Robinhood Markets, Inc.

[3] All three Related Actions define the Class Period as beginning on September 1, 2016 but each action identifies a different end date: *Kwon* is June 30, 2019 (FAC at ¶ 97); *Luparello* is June 16, 2020 (Complaint, at ¶¶ 2, 39-40); and *Nabi* defines the class period as continuing to the present (Complaint, at ¶ 77).

MOTION ISO CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

After consolidating the Related Actions, the Court "shall appoint the most adequate plaintiff as lead plaintiff for the consolidated actions."  15 U.S.C. § 78u-4(a)(3)(B)(ii).  The PSLRA defines the Lead Plaintiff as the "member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members."  15 U.S.C. § 78u-4(a)(3)(B)(i).  Here, Plaintiff Luparello should be appointed Lead Plaintiff because he: (1) timely filed this Motion; (2) has the largest financial interest in terms of potential relief sought, having conducted 310 trades involving a total of 314,146.073 shares during the Class Period using Robinhood's brokerage services; and (3) is typical of the Class members and will adequately represent the Class's interests. *See* Declaration of Patricia N. Syverson ("Syverson Decl."), submitted herewith, at ¶ 2; *Luparello* Certification (D.E. 10).  *See* Section IV(B), below.

The Court also should approve Plaintiff Luparello's selection of BFFB to serve as Lead Counsel for the Class because the firm has the expertise and resources necessary to adequately represent the interests of all Class members.  *See* Section IV(C), below.

## III.   STATEMENT OF FACTS AND PROCEDURAL HISTORY

Robinhood is a multi-billion dollar mobile application and website investment service that places stock trade orders on behalf of users like Plaintiff and Class members.  *Luparello* Complaint, at ¶ 1.  Plaintiff alleges that Robinhood targets young adults who are new to investing and misleads them into using Robinhood by promising "commission-free" and "discounted" trading services and assuring them in its Customer Agreements that all of Robinhood's transactions comply with federal and state securities laws. *Id.*

As a retail broker-dealer, Robinhood is duty-bound to obtain the most favorable trade terms and prices possible – *i.e.*, the duty of "best execution." *Id.*  Capitalizing on its customers' naivete and placing its financial interests ahead of its duty of best execution and duty of undivided loyalty to its customers, Robinhood negotiated "payments for order flow" ("PFOF") for itself, four times the industry standard from the principal trading firms through which Robinhood routed its customers' orders, which the principal trading firms recouped from each and every one of Robinhood's clients by providing them no price improvement or less price

MOTION ISO CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL

improvement on their trades, which they otherwise could have obtained had Robinhood acted lawfully. *Id*. at ¶ 3. Robinhood did not disclose that it generates most of its revenue from PFOF, the terms of those arrangements, or the pass-through of those PFOF to customers in the form of less favorable trade execution prices. Robinhood enjoyed huge profits from the "dark-pool" PFOF arrangements. *Id*. Robinhood's customers were harmed in that Robinhood's PFOF caused them to receive inferior execution prices, and not the best execution prices that they were entitled to by law. *Id*.

Not only did Robinhood fail to disclose its PFOF until late in the Class Period and never disclosed their negative impact on the execution quality of its customers' trades, but Robinhood took affirmative steps to cover up its high PFOF and resulting poor execution quality by misrepresenting that Robinhood's PFOF revenue was "indirect" and "negligible," that if PFOF ever became a direct and significant source of revenue it would inform customers, and that its execution quality and speed "matches or beats what's found at other major brokerages[,]" when Robinhood was aware that all of these material representations were not true. *Id*. at ¶ 4.

Plaintiff Luparello's complaint alleges that Robinhood breached its fiduciary duties and violated section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b) and Rule 10b-5 promulgated thereunder; California's Corporations Code §§ 25401 and 255504.1; California's Consumer Legal Remedies Act, Cal. Civ. Code §§ 1750 *et seq.*; and California's Business & Professions Code §§ 17200 *et seq.* by breaching its duty of best execution, accepting less price improvement for its customers' trades than what principal trading firms were offering in exchange for a higher rate of PFOF for itself, misrepresenting its receipt of such payments and the execution quality of its trades, omitting material revenue information from its website and other communications with customers, and covering up its order flow payments and poor execution quality. The *Kwon* and *Nabi* complaints make similar factual allegations and include similar causes of action.[4]

---

[4] The *Kwon* and *Nabi* Complaints similarly allege violations of section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b) and Rule 10b-5 promulgated thereunder; California's Consumer Legal Remedies Act, Cal. Civ. Code §§ 1750 *et seq.*; and California's Business & Professions Code §§ 17200 *et seq.*, as well as additional claims for violations of California's

MOTION ISO CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL

## IV.   ARGUMENT

### A.   The Related Actions Should Be Consolidated.

The PSLRA requires that prior to the appointment of a Lead Plaintiff, a court should consolidate securities class actions brought "on behalf of a class asserting substantially the same claim or claims." 15 U.S.C. § 78u-4(a)(3)(B)(ii).  Under Federal Rule of Civil Procedure 42(a), a court may consolidate actions "if [the] actions before the court involve a common question of law or fact."  Consolidation of such actions avoids unnecessary cost, delay, and overlap in adjudication. *Russo v. Finisar Corp. (Finisar)*, 2011 WL 5117560, at *3 (N.D. Cal. Oct. 27, 2011) (noting that "actions [that] present virtually identical factual and legal issues . . . should be consolidated").  Securities class actions are "particularly well suited to consolidation" because their unification expedites proceedings, reduces duplication, and minimizes the expenditure of time and money by all concerned. *See Miami Police Relief & Pension Fund v. Fusion-io, Inc.*, 2014 WL 2604991, at *4 (N.D. Cal. June 10, 2014); *see also City of Harper Woods Emps. Ret. Sys. v. AXT, Inc.,* 2005 WL 318813, at *3 (N.D. Cal. Feb. 7, 2005) (finding that consolidating securities class actions "would expedite pretrial proceedings and reduce case duplication, thereby conserving judicial resources").

The Related Actions are prime candidates for consolidation as they involve the same operative facts, assert overlapping claims for violations of the Exchange Act, and name two of the same Defendants – Robinhood Financial LLC and Robinhood Securities, LLC. Consolidation will avoid duplicative discovery, motion practice, and other proceedings that will result if the Related Actions are not consolidated.   Accordingly, the Related Actions are appropriate for consolidation in the interests of judicial efficiency and economy and should be consolidated for all purposes pursuant to Rule 42(a). *See Yousefi v. Lockheed Martin Corp.*, 70 F. Supp. 2d 1061, 1064 (C.D. Cal. 1999).

### B.   Plaintiff Luparello Should Be Appointed Lead Plaintiff.

The PSLRA governs the appointment of Lead Plaintiffs in this action. *See* 15 U.S.C. §§

---

Business & Professions Code §§ 17500, *et seq.*, breach of covenant of good faith and fair dealing, and negligent misrepresentation.

78u-4(a)(1) and (a)(3)(B). In appointing Lead Plaintiffs, the Court is tasked with identifying the Class member or members "most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(A)(i). The Court should presume a movant is most adequate if he has either filed the complaint or made a motion in response to the notice issued; in the determination of the Court, has the "largest financial interest" in the relief sought by the Class; and otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *see also Hessefort v. Sun Micro Computer, Inc*., 317 F. Supp. 3d 1056, 1060-61 (N.D. Cal. 2018) (citing *In re Cavanaugh*, 306 F.3d 726, 730 (9th Cir. 2002)).

Only by a showing that a Lead Plaintiff will ***not*** fairly and adequately represent the Class, or is subject to unique defenses that will render such plaintiff incapable of adequately representing the Class, will this presumption be overcome. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). "Absent proof that the lead-plaintiff candidate with the largest financial interest does not satisfy the requirements of FRCP 23, said candidate is 'entitled to lead plaintiff status.'" *In re Diamond Foods, Inc., Sec. Litig*., 281 F.R.D. 405, 408 (N.D. Cal. 2012) (quoting *In re Cavanaugh*, 306 F.3d at 732).

As set forth below, Plaintiff Luparello meets these procedural and substantive requirements and should therefore be appointed Lead Plaintiff. Plaintiff believes he has the largest financial interest in the relief sought by the Class, is the typical Robinhood user, and is not subject to unique defenses.

> **1.    Plaintiff Luparello Has Timely Moved for Appointment as Lead Plaintiff.**

The PSLRA's first requirement is simple: file a complaint or a timely motion. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa). Here, notice was published on January 7, 2021. *See* https://www.globenewswire.com/news-release/2021/01/07/2155096/0/en/Liddle-Dubin-P-C-and-Ahdoot-Wolfson-P-C-File-Securities-Class-Action-Against-Robinhood.html. Accordingly, the deadline to file a motion for appointment as Lead Plaintiff is March 8, 2021. Plaintiff Luparello is filing this motion on March 8, 2021. Plaintiff Luparello's motion is

MOTION ISO CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL

timely.  The PSLRA's first requirement is satisfied.

### 2.   Plaintiff Luparello Has the Largest Financial Interest in the Relief Sought by the Class, Presumptively Making Him the Most Adequate Plaintiff.

The PSLRA's second requirement looks to the relative financial interests of those seeking appointment as Lead Plaintiffs.  To determine the "most adequate plaintiff," courts in this Circuit "compare the financial stakes of the various plaintiffs and determine which one has the most to gain from the lawsuit."  *In re Cavanaugh*, 306 F.3d 726 at 730.

Given the nature of the conduct at issue in these Related Actions, it is not possible at this early, pre-discovery stage to precisely identify the amount of damages each individual has suffered as a result of Defendants' misconduct.  However, based on the available Complaints and Certificates of Plaintiff Luparello and Mr. Kwon, Plaintiff Luparello believes he has the largest financial interest of the three named plaintiffs in the Related Actions.  From the time Plaintiff Luparello opened his Robinhood account in 2017, Plaintiff Luparello conducted 310 trades through Robinhood, involving the transaction of 314,146.073 shares (*i.e.*, an average of 1013 shares per trade).  Plaintiff believes he has the largest financial interest based on the length of time he was actively trading using Robinhood's brokerage services and the overall number of trades and the volume of shares at issue.

Plaintiff is aware that Mr. Kwon purports to have a larger number of trades transacted (6,757 trades) but Mr. Kwon's trades involved a lower overall number of shares (an average of 38 shares per trade) (*Kwon*, D.E. 7-1).  As Plaintiff Luparello alleged in his complaint, Robinhood's own internal report indicated that on orders with higher volumes of shares, the amount lost per order in price improvement increased and for most orders of more than 100 shares, customers would have been better off trading at another broker-dealer.[5]  While Mr.

---

[5] *See Luparello* Complaint, at ¶ 29 ("By March 2019, Robinhood had conducted a more in depth analysis, and learned that its execution quality and price improvement metrics were substantially worse than its competitors', including the percentage of orders receiving price improvement and the amount of the price improvement (per order, per share, and per dollar).  The internal report stated "[n]o matter how we cut the data, our % orders receiving price improvement lags behind that of other retail brokerages by a wide margin."  And the margin widened the larger the order.  For example, Robinhood learned that for most orders of more than 100 shares, customers would be better off trading at another broker-dealer, where they would get additional price improvement

MOTION ISO CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL

Kwon's average shares per trade fell well short of the 100 share threshold, Plaintiff Luparello's average shares per trade exceeded it ten times over.  Based on the markedly higher share volume of Plaintiff Luparello's trades, it is reasonable to assume his overall damages are higher and, therefore, he is presumptively a more adequate Lead Plaintiff than Mr. Kwon for the Class.  *Cf. Ruland v. InfoSonics Corp.*, 2006 U.S. Dist. LEXIS 79144, at *16-17 (S.D. Cal. Oct. 23, 2006) (selecting Lead Plaintiff based on the largest number of shares traded).

Mr. Nabi did not file his sworn 15 U.S.C. § 78u-4(a)(2)(A)(i)-(vi) Certification.  And, the only information in his Complaint is that he engaged in "hundreds of transactions" and that "several transactions have included orders of over 100 shares." *Nabi* Complaint at ¶ 68.  These allegations do not establish that Mr. Nabi incurred more damages than Plaintiff Luparello.

### 3. Plaintiff Luparello Satisfies Rule 23's Typicality and Adequacy Requirements.

The PSLRA also dictates that the potential Lead Plaintiff "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure."  15 U.S.C. § 78u-4(a)(3)(B). This showing need not be as thorough as what would be required on a class certification motion. *See Zhu v. UCBH Holdings, Inc.*, 682 F. Supp. 2d 1049, 1053 (N.D. Cal. 2010).  At this stage of the litigation, courts focus only on the typicality and adequacy requirements of Rule 23.  *See In re Cavanaugh*, 306 F.3d at 732 ("Once it determines which plaintiff has the biggest stake, the court must appoint that plaintiff as lead, unless it finds that he does not satisfy the typicality or adequacy requirements."); *see also Siegall v. Tibco Software, Inc.*, 2006 WL 1050173, at *5 (N.D. Cal. Feb. 24, 2006) ("In the context of determining the appropriate lead plaintiff under the PSLRA, the requirements of 'typicality' and adequacy of representation are the key factors").

---

exceeding the $5 per-order commission costs those broker-dealers would have charged them. For orders over 500 shares, the average Robinhood customer lost more than $15 per order in price improvement compared to Robinhood's competitors.  That loss rose to more than $23 per order for orders over 2,000 shares.  As a result, between October 2016 and June 16, 2020, Robinhood orders lost over $34.1 million in price improvement compared to the price improvement they would have received had they been placed at competing retail broker-dealers, even after the $5 per-order broker commission costs. In effect, for each trade executed during the Class Period, a better price was available, and but for Robinhood's conduct, Plaintiff and Class members would have received those better prices").

MOTION ISO CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL

Consequently, in determining who best to appoint Lead Plaintiff, courts limit their inquiry into the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the Lead Plaintiff moves for class certification. *Westley v. Oclaro, Inc.*, 2011 WL 4079178, at *2 (N.D. Cal. Sept. 12, 2011) (noting that only a "preliminary showing" of typicality and adequacy satisfies Rule 23 at the lead plaintiff stage). Plaintiff Luparello meets the Rule 23 typicality and adequacy requirements.

### a.      Plaintiff Luparello's claims are typical.

A class representative's claims or defenses must be "typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). Typicality depends on whether Plaintiff Luparello's claims are based on the same legal theories and arise "from the same event or practice or course of conduct that gives rise to the claims of other class members". If so, typicality is satisfied. *See Crossen*, 2005 WL 1910928, at *4.

Like the Class members, Plaintiff Luparello asserts that he: (1) conducted numerous trades during the Class Period using Robinhood's brokerage services; (2) was harmed by Defendants' allegedly PFOF-related false and misleading statements and omissions of material fact; and (3) suffered damages as a result. *See Finisar*, 2011 WL 5117560, at *4 (discussing ways in which a lead plaintiff movant can meet the typicality requirement). Accordingly, Plaintiff Luparello meets the typicality test of Rule 23 as he has suffered the same injury as other Class members.

### b.      Plaintiff Luparello is adequate.

Representative parties must also "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). The test for adequacy is whether: (1) the presumptive plaintiff will fairly and adequately protect the interests of the Class; and (2) is not subject to "unique defenses" that make the plaintiff unable to adequately represent the Class. *See e.g.*, *Rieckborn v. Velti PLC*, 2013 WL 6354597, at *4 (N.D. Cal. Dec. 3, 2013); *Mohanty v. Bigband Networks, Inc.,* 2008 WL 426250, at *3 (N.D. Cal. Feb. 13, 2008).

Plaintiff Luparello meets these requirements. He conducted 310 trades involving a total of 314,146.073 shares during the Class Period using Robinhood's brokerage services. Such

MOTION ISO CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL

substantial use of Robinhood's services ensures that Plaintiff is highly invested in the outcome of the litigation and that his interests are aligned with the interests of other Class members. There is also no indication of antagonism between Plaintiff and members of the Class.  For these reasons, Plaintiff Luparello is more than an adequate Lead Plaintiff.

    **C.**    **The Court Should Approve Plaintiff Luparello's Choice Of Lead Counsel.**

The PSLRA vests authority in the Lead Plaintiff to "select and retain lead counsel," subject to this Court's approval.  15 U.S.C. § 78u-4(a)(3)(B)(v); *see also In re Cohen*, 586 F.3d 703, 711-12 (9th Cir. 2009) ("if the lead plaintiff has made a reasonable choice of counsel, the district court should generally defer to that choice").[6]

Plaintiff Luparello has chosen lead counsel with significant experience and success prosecuting securities class actions and other complex securities and financial fraud cases. Syverson Decl., ¶ 3 and Ex. A.  BFFB attorneys have worked for institutional and individual investors defrauded by management practices of publicly and privately held corporations and other entities, including investors in such cases as *In re American Continental Corp./Lincoln Savings and Loan Sec. Litig.*, MDL 834 (D. Ariz.); *In re Apollo Group, Inc. Securities Litig.*, CV 04-2147-PHX-JAT (D. Ariz.); *Facciola et al v. Greenberg Traurig, LLP et al*, CV-10-1025-PHX-FJM (D. Ariz.).  *Id.*  BFFB has the ability, experience, and resources available to take on complex litigation against resourceful defendants.  *Id.*

Accordingly, the Court should approve Plaintiff Luparello's selection of BFFB as Lead Counsel.

**V.**    <u>**CONCLUSION**</u>

For the foregoing reasons, Plaintiff Luparello respectfully requests that the Court: (1) consolidate the above-captioned Related Actions; (2) appoint Plaintiff Luparello as Lead Plaintiff in this action; (3) approve Plaintiff Luparello's selection of BFFB as Lead Counsel for the Class; and (4) grant such other and further relief as the Court may deem just and proper.

---

[6] As set forth in the PSLRA, Courts should not disturb the Lead Plaintiff's choice of counsel unless necessary to "protect the interests of the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

MOTION ISO CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL

1

Dated: March 8, 2021

BONNETT, FAIRBOURN, FRIEDMAN
& BALINT, P.C.

2

*/s/Patricia N. Syverson*
Patricia N. Syverson (203111)
600 W. Broadway, Suite 900
San Diego, CA 92101
psyverson@bffb.com
Telephone:  (619) 798-4593

3

4

5

6

BONNETT, FAIRBOURN, FRIEDMAN
& BALINT, P.C.
Elaine A. Ryan *(Admitted Pro Hac Vice)*
Carrie A. Laliberte *(Admitted Pro Hac Vice)*
2325 E. Camelback Rd., Suite 300
Phoenix, AZ 85016
eryan@bffb.com
claliberte@bffb.com
Telephone:  (602) 274-1100

7

8

9

10

11

THE PASKOWITZ LAW FIRM P.C.
Laurence D. Paskowitz *(To be Admitted Pro Hac Vice)*
208 East 51st Street, Suite 380
New York, NY 10022
lpaskowitz@pasklaw.com
Telephone:   (212) 685-0969

12

13

14

GREENWICH LEGAL ASSOCIATES, LLC
Adam Frankel
881 Lake Avenue
Greenwich, CT  06831
adam@grwlegal.com
(203) 622-6001

15

16

17

*Attorneys for Plaintiff Edward Luparello*

18

19

20

21

22

23

24

25

26

27

28

MOTION ISO CONSOLIDATION,
APPOINTMENT AS LEAD PLAINTIFF, AND
APPROVAL

## CERTIFICATE OF SERVICE

1

2          I hereby certify that on March 8, 2021, I electronically filed the foregoing with the Clerk

3    of the Court using the CM/ECF system which will send notification of such filing to the e-mail

4    addresses denoted on the Electronic mail notice list

5          I certify under penalty of perjury under the laws of the United States of America that the

6    foregoing is true and correct.  Executed on March 8, 2021.

7

8                                    /s/*Patricia N. Syverson*
                                     Patricia N. Syverson (203111)
9                                    BONNETT FAIRBOURN FRIEDMAN
                                     & BALINT, P.C.
10                                   600 W. Broadway, Suite 900
                                     San Diego, CA 92101
11                                   Telephone: (619) 798-4593

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MOTION ISO CONSOLIDATION,
                                                                       APPOINTMENT AS LEAD PLAINTIFF, AND
                                                                       APPROVAL