1 | C. Brandon Wisoff (State Bar No. 121930)
bwisoff@fbm.com
2 | Russell Taylor (State Bar No. 320375)
rtaylor@fbm.com
3 | Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
4 | San Francisco, California 94104
Telephone: (415) 954-4400
5 | Facsimile: (415) 954-4480

6 | Maeve L. O'Connor (appearance pro hac vice)
Elliot Greenfield (appearance pro hac vice)
7 | Brandon Fetzer (appearance pro hac vice)
Debevoise & Plimpton LLP
8 | 919 Third Avenue
New York, New York 10022
9 | Telephone: 212.909.6000
Email: mloconnor@debevoise.com
10 | Email: egreenfield@debevoise.com
Email: bfetzer@debevoise.com
11 |
Attorneys for Defendants
12 | ROBINHOOD MARKETS, INC.;
ROBINHOOD FINANCIAL LLC;
13 | ROBINHOOD SECURITIES, LLC

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| IN RE ROBINHOOD ORDER FLOW LITIGATION | Master File No. 4:20-cv-09328-YGR |
|---|---|
| | **[PROPOSED] ORDER GRANTING DEFENDANTS' MOTION TO DENY CLASS CERTIFICATION** |
| | Judge: Hon. Yvonne Gonzalez Rogers<br>Ctrm: 1, 4th Floor |

1       Having considered the Motion to Deny Class Certification by Defendants Robinhood Markets, Inc., Robinhood Financial LLC, and Robinhood Securities, LLC ("Defendants"), Plaintiffs' opposition thereto, and for good cause appearing, **IT IS HEREBY ORDERED** that Defendants' Motion is **GRANTED**.

      Class certification is not appropriate under Federal Rule of Civil Procedure 23(b)(3) because individualized issues predominate over common ones and because a class action is not superior to other available methods for fairly and efficiently adjudicating this case.

      Class certification is also not appropriate under Federal Rule of Civil Procedure 23(b)(1). Rule 23(b)(1)(A) contemplates cases where the party is "obliged by law" to treat the members of the class alike (such as a "utility acting toward customers" or a "government imposing a tax"), or where the party "must treat all alike as a matter of practical necessity (a riparian owner using water as against downriver owners)." *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 614 (1997) (internal citation and quotations omitted). Rule 23(b)(1)(B) "includes, for example, limited fund cases, instances in which numerous persons make claims against a fund insufficient to satisfy all claims." *Id.* (internal citation and quotations omitted). Robinhood is not obligated by law or necessity to treat any of the putative class members alike, and this is not a limited fund case.

      Finally, class certification is not appropriate under Federal Rule of Civil Procedure 23(b)(2) because Plaintiff's request for "final injunctive relief or corresponding declaratory relief" is tied only to his state law claims, which are precluded by the Securities Litigation Uniform Standards Act of 1998, and because Plaintiff lacks standing to pursue prospective injunctive and declaratory relief.

Dated: _____

                                 HON. YVONNE GONZALEZ ROGERS
                                 United States District Court Judge