UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

IN RE ROBINHOOD ORDER FLOW LITIGATION

Case No. 4:20-cv-09328-YGR

**ORDER GRANTING MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT; GRANTING MOTION FOR EXPENSES, SETTLEMENT ADMINISTRATION COSTS, AND SERVICE AWARD;**

**JUDGMENT**

Dkt. Nos. 198, 199

The Court previously granted a motion for preliminary approval of the class action settlement between plaintiff Ji Kwon and defendants Robinhood Financial LLC; Robinhood Securities, LLC; and Robinhood Markets, Inc. on December 5, 2025. (Dkt. No. 197 ("Prelim. Approval Order").) As directed by the Court's preliminary approval order, plaintiff filed his unopposed motion for final approval of class action settlement on February 23, 2026. (Dkt. No. 198.) Thereafter, plaintiff filed an unopposed motion for plaintiff's expenses, settlement administration costs, and service award on February 23, 2026. (Dkt. No. 199.) The Court held a hearing and took arguments from the parties on May 5, 2026.

Having considered the motion briefing, the terms of the settlement agreement, the response thereto, the arguments of counsel, and the other matters on file in this action, the Court **GRANTS** the motion for final approval.[1] The Court finds the settlement fair, adequate, and reasonable. The provisional appointment of the class representative and class counsel are confirmed.

The motion for plaintiff's expenses, settlement administration costs, and service award is **GRANTED**. The Court **ORDERS** that class counsel shall be paid $920,000 in litigation expenses, the claims administrator shall be paid $65,100 in administration costs, and the class representative and named plaintiff Ji Kwon shall be paid $10,000 as a service award.

---

[1] On May 20, 2026, plaintiff submitted an amendment to stipulation of settlement (Dkt. No. 205) striking a sentence from the settlement agreement that set forth a procedure for counsel to apply for a "Settlement Fund Distribution Order." The Court **APPROVES** of the amendment.

United States District Court
Northern District of California

United States District Court
Northern District of California

## I. Background

### A. Procedural History

Former plaintiff Justin William Lemon filed the putative class action complaint on December 23, 2020 against defendants Robinhood Financial LLC and Robinhood Securities, LLC alleging that they misled and lured unsuspecting consumers to execute inferior market trades under the guise of "commission free" trading. (Dkt. No. 1 ¶ 2.) On April 12, 2021, the Court issued an order appointing Ji Kwon as lead plaintiff and Ahdoot & Wolfson, PC; Bursor & Fisher, PA; and Liddle & Dubin PC[2] as lead counsel. (Dkt. No. 55.) On March 8, 2022, plaintiff filed the operative, second consolidated amended class action complaint alleging claims for violations of section 10(b) of the Securities Exchange Act of 1934 and implementing Rule 10b-5(a)–(c) against Robinhood Financial LLC, Robinhood Securities, LLC, and Robinhood Markets, Inc. (Dkt. No. 93.) The parties reached a settlement while plaintiff's renewed motion for class certification was pending.

The settlement agreement, attached hereto as **Exhibit A** ("Settlement Agreement"), defines the class as:

> [A]ll United States customers of Robinhood Financial LLC, Robinhood Securities, LLC, and/or Robinhood Markets, Inc. who, during the Settlement Class Period: (1) placed one or more qualifying trades, which means (a) one or more market orders to purchase equities (excluding stop orders) that were routed during market hours and executed at a price higher than the National Best Offer at the time the order was routed, and/or (b) one or more market orders to sell equities (excluding stop orders) that were routed during market hours and executed at a price lower than the National Best Bid at the time the order was routed; and (2) for whom the aggregate difference between execution price and National Best Bid/Offer, counting only qualifying trades, was greater than $5.00.

("the Settlement Class" or "Class"). (Settlement Agreement ¶ 1.35.) The Settlement Agreement further defines the "Settlement Class Period" as "September 1, 2016 through September 1, 2018, both dates as inclusive." (*Id.* ¶ 1.38.) In its preliminary approval order, the Court conditionally certified the Settlement Class and provisionally appointed Ahdoot & Wolfson, PC; Bursor & Fisher,

[2] On December 5, 2025, the Court granted plaintiff's motion to substitute Coulson P.C. as co-lead counsel in place of the firm formerly known as Liddle & Dubin P.C. *See* Prelim. Approval Order at 2 n.1.

PA; and Coulson PC as Class counsel, plaintiff Ji Kwon as Class representative, and Kroll Settlement Administration LLC as the claims administrator. (Prelim. Approval Order at 7, 9.)

**B. Terms of the Settlement Agreement**

Under the terms of the Settlement Agreement, defendants will pay $2 million into a common settlement fund, without admitting liability. (*See* Settlement Agreement at 3–4, ¶ 1.34.) This amount includes litigation expenses, the cost of Class notice and settlement administration, and the Class representative's service award. (*Id.* ¶ 1.34.)

***1. Litigation Costs and Expenses***

Plaintiff agreed to forego a request for attorneys' fees and to seek up to $920,000 in litigation costs and expenses. (Dkt. No. 199-1, Declaration of Nicholas A. Coulson ("Coulson Decl.") ¶¶ 5, 7.) The common settlement fund also includes a provision for up to $70,000 in settlement administration costs and up to $10,000 to be paid to plaintiff Ji Kwon as a service award. (Settlement Agreement ¶¶ 1.32, 3.04.)

***2. Class Relief***

After deductions from the common fund for proposed costs and service incentive award, approximately $1 million will remain to be distributed among the participating Class members. Class members will be paid on a *pro rata* basis based on their calculated damages according to the Class definition. (*See id.* ¶ 9.02.) Dividing this amount across the 56,804 Class members yields an average recovery of approximately $17.60 per member. The Settlement Agreement provides that no amount will revert to defendants. (*Id.* ¶ 9.04.)

**C. Class Notice and Claims Administration**

The Settlement Agreement is being administered by Kroll Settlement Administration LLC ("Claims Administrator"). (*See* Dkt. No. 200, Declaration of Robert Cormio ("Cormio Decl.") ¶ 1.) Following the Court's preliminary approval of the Settlement Agreement and conditional certification of the Class, the Claims Administrator caused notice to be sent to the 56,805 email addresses on file for Settlement Class members. (*Id.* ¶ 4.) On January 27, 2026, the Claims Administrator caused 4,102 postcard notices to be sent via first-class mail to Settlement Class members whose email notice was returned as undeliverable. (*Id.* ¶ 5.) In addition, the Claims

Administrator caused press releases regarding the Settlement Agreement to be issued in English over the PR Newswire's US1 National Newsline and GlobeNewswire's USA National Newsline on January 5, 2026, resulting in approximately 618 and 753 syndicated postings, respectively. (*Id.* ¶¶ 7–8.)

The Claims Administrator also established a settlement website (the "Settlement Website") at www.robinhoodorderflowsettlement.com that went live on January 5, 2026. (*Id.* ¶ 9.) The Court confirmed that the Settlement Website includes a summary of the Settlement Agreement, important dates and deadlines, contact information for the Claims Administrator, and answers to frequently asked questions, and it allows Class members an opportunity to file a proof of claim online. (*See id.*) The Settlement Website also contains downloadable copies of the second consolidated amended complaint, Settlement Agreement, long notice (in English and Spanish), preliminary approval order, and proof of claim (in English and Spanish). (*Id.*) The Claims Administrator also established a toll-free telephone number for Class member inquiries. (*Id.* ¶ 10.)

Class members were given until March 30, 2026, to object to or exclude themselves from the Settlement Agreement. (Prelim. Approval Order at 10.) Out of 56,805 total Class members, one person, Jesse Espadas, filed an untimely notice of opt-out from the Settlement Class. (Dkt. No. 202.) Plaintiff thereafter filed notice of nonobjection to "honor" this opt-out (Dkt. No. 203) and confirmed the same at the hearing. Accordingly, the Court **APPROVES** Espadas' request to opt out of the Settlement Class.

As set forth in the Court's preliminary approval order, Class members with an active Robinhood account in good standing who did not opt out will automatically receive a settlement share in their Robinhood accounts. (Prelim. Approval Order at 8.) Only Class members who no longer have an active account in good standing need to submit a claim form to receive a distribution by no later than 60 days after final approval. (*Id.*) As of April 13, 2026, a total of 979 claim forms were received by the Claims Administrator.[3] (Dkt. No. 201, Supplemental Declaration of Lindsey Marquez ("Marquez Decl.") ¶ 11.)

---

[3] At the hearing, Class counsel represented that an excess of one thousand claim forms had been received to date and that the Claims Administrator was still reviewing their validity.

## II. Final Approval Of Settlement

### A. Legal Standard

A court may approve a proposed class action settlement of a certified class only "after a hearing and only on finding that it is fair, reasonable, and adequate," and that it meets the requirements for class certification. Fed. R. Civ. P. 23(e)(2). In reviewing the proposed settlement, a court need not address whether the settlement is ideal or the best outcome, but only whether the settlement is fair, free of collusion, and consistent with plaintiff's fiduciary obligations to the class. *See Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1027 (9th Cir. 1998). The *Hanlon* court identified the following factors relevant to assessing a settlement proposal: (1) the strength of the plaintiff's case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed and the stage of the proceeding; (6) the experience and views of counsel; (7) the presence of a government participant; and (8) the reaction of class members to the proposed settlement. *Id.* at 1026 (citation omitted); *see also Churchill Vill., L.L.C. v. Gen. Elec.*, 361 F.3d 566, 575 (9th Cir. 2004).

Settlements that occur before formal class certification also "require a higher standard of fairness." *In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 458 (9th Cir. 2000). In reviewing such settlements, in addition to considering the above factors, a court also must ensure that the settlement is "not the product of collusion among the negotiating parties." *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 946-47 (9th Cir. 2011) (quoting *In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d at 458).

### B. Analysis

#### *1. The Settlement Class Meets the Prerequisites for Certification*

As the Court found in its order granting preliminary approval and conditional certification of the Settlement Class herein, the prerequisites of Rule 23 have been satisfied for purposes of certification of the Settlement Class. (*See* Prelim. Approval Order at 3–6.) For the avoidance of doubt, the Court certifies the Class as follows:

> All United States customers of Robinhood Financial LLC, Robinhood Securities, LLC, and/or Robinhood Markets, Inc. who, from September 1, 2016, through September 1, 2018: (1) placed one of more qualifying trades, which means (a) one or more market orders to purchase equities (excluding stop orders) that were routed during market hours and executed at a price higher than the National Best Offer at the time the order was routed, and/or (b) one or more market orders to sell equities (excluding stop orders) that were routed during market hours and executed at a price lower than the National Best Bid at the time the order was routed; and (2) for whom the aggregate difference between execution price and National Best Bid/Offer, counting only qualifying trades, was greater than $5.00.

***2. Adequacy of Notice***

A court must "direct notice [of a proposed class settlement] in a reasonable manner to all class members who would be bound by the proposal." Fed. R. Civ. P. 23(e)(1). "[T]he class must be notified of a proposed settlement in a manner that does not systematically leave any group without notice[.]" *Officers for Just. v. Civil Serv. Comm'n of City & Cnty. of San Francisco*, 688 F.2d 615, 624 (9th Cir. 1982). Adequate notice requires: (i) the best notice practicable; (ii) reasonably calculated, under the circumstances, to apprise the Class members of the proposed settlement and of their right to object or to exclude themselves as provided in the settlement agreement; (iii) reasonable and constitute due, adequate, and sufficient notice to all persons entitled to receive notice; and (iv) meet all applicable requirements of due process and any other applicable requirements under federal law. *Phillips Petroleum Co. v. Shutts,* 472 U.S. 797, 812 (1985). Due process requires "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950).

The Court found the parties' proposed notice procedures provided the best notice practicable and reasonably calculated to apprise Class members of the settlement and their rights to object or exclude themselves. (Prelim. Approval Order at 8.) Pursuant to those procedures, the Claims Administrator carried out that program. As noted, the Claims Administrator caused notice to be sent to the 56,805 email addresses on file for Settlement Class members and 4,102 postcard notices to be sent via first-class mail to Settlement Class members whose email notices were returned as undeliverable. (Cormio Decl. ¶¶ 4–5.) As of April 13, 2026, two postcard notices were returned by



United States District Court
Northern District of California

the United States Postal Service ("USPS") with a forwarding address, and both were re-mailed by the Claims Administrator to the updated address provided by USPS. (Marquez Decl. ¶ 6.) The Claims Administrator states that postcard notices returned as undeliverable without a forwarding address have been or will be sent through an advanced address search process. (*Id.* ¶ 7.) In a subsequent filing on May 20, 2026, Class counsel represented that as of May 5, 2026, 619 postcards were returned as undeliverable, the Claims Administrator had performed address tracing on 600 of the 619 returned postcards, and, of that group, the Claims Administrator was able to re-mail postcards to 459 new addresses obtained. (Dkt. No. 205, Supplemental Declaration of Nicholas A. Coulson ("Coulson Supp. Decl.") ¶ 5.) Nineteen postcards were slated to be included in the Claims Administrator's next batch of address tracing. (*Id.*)

Based upon the foregoing, the Court finds that the Settlement Class has been provided adequate notice.

***3. The Settlement Is Fair And Reasonable***

As the Court previously found in its order granting preliminary approval, the *Hanlon* factors indicate the settlement here is fair and reasonable and treats Class members equitably relative to one another. (Prelim. Approval Order at 6–7.)

The reaction of the Class was overwhelmingly positive. The Court received no objections as of the March 30, 2026 deadline and only one opt-out. This single opt-out constitutes approximately 0.00176% of the Class members. "[T]he absence of a large number of objections to a proposed class action settlement raises a strong presumption that the terms of a proposed class settlement action are favorable to the class members." *In re Omnivision Techs., Inc.*, 559 F.Supp.2d 1036, 1043 (N.D. Cal. 2008) (citation omitted); *see also Churchill Vill.*, 361 F.3d at 577 (holding that approval of a settlement that received 45 objections (0.05%) and 500 opt-outs (0.56%) out of 90,000 class members was proper).

In its preliminary approval order, the Court approved the proposed plan of allocation. (Prelim. Approval Order at 8–9.) Under the plan, Class members who do not submit a valid and timely letter opting out of the Class and who have an active Robinhood account in good standing will automatically receive a *pro rata* share of the settlement fund in their Robinhood accounts. (*Id.*

at 8.) If a member closes their account between the date defendants provided plaintiff with the Class list and the date of distribution, the Claims Administrator will email the member instructions on how to receive their distribution by reactivating their account. (*Id.*) Lastly, Class members who no longer have an active account in good standing must submit a claim form to receive a distribution by no later than 60 days after final approval of the settlement. (*Id.*)

The Court finds the plan of allocation to be fair and reasonable and to treat Class members equitably and therefore approves that plan of allocation.

#### *4. Other Findings*

The parties provided the required notice to federal and state attorneys general under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715(b). (Cormio Decl. ¶ 2, Exs. A & B.) Notice occurred more than 90 days before the date of this order, as required by 28 U.S.C. § 1715(d).

#### *6. Certification Is Granted and the Settlement Is Approved*

After reviewing all of the required factors, the Court finds the Settlement Agreement to be fair, reasonable, and adequate, and certification of the Settlement Class as defined therein to be proper. As explained above, Jesse Espadas is excluded from the Settlement Class.

## III. Motion for Plaintiff's Expenses, Settlement Administration Costs, and Service Award

### A. Litigation Expenses

Litigation expenses may be awarded in a certified class action under Federal Rule of Civil Procedure 23(h). Class counsel is entitled to reimbursement of reasonable out-of-pocket expenses. *Id.*; *see Harris v. Marhoefer*, 24 F.3d 16, 19 (9th Cir. 1994) (holding that attorneys may recover reasonable expenses that would typically be billed to paying clients in non-contingency matters). Costs compensable under Rule 23(h) include "nontaxable costs that are authorized by law or by the parties' agreement." Fed. R. Civ. P. 23(h). Here, Class counsel seeks reimbursement in the amount of $920,000 for expenses related to expert analysis and testimony, court reporting and transcripts, travel, and e-discovery vendor payments, even though counsel submitted records indicating that that their costs exceeded $1.34 million. (*See* Dkt. No. 199 at 1–2; Coulson Decl. ¶ 5.) Accordingly, the Court finds this amount is reasonable, fair, and adequate.

United States District Court
Northern District of California

**B. Administrator Costs**

Plaintiff also requests reimbursement of $65,100 in reasonable costs incurred by the Claims Administrator, consistent with the Settlement Agreement. (*See* Cormio Decl. ¶ 14; Settlement Agreement ¶ 3.04.) Courts regularly award costs associated with providing notice to the class and administrating claims. *See, e.g.*, *Ortiz v. Genco, Inc.*, No. 4:16-CV-04601-YGR, 2019 WL 1780577, at *2 (N.D. Cal. Apr. 23, 2019). Accordingly, the Court finds that the administrator costs here were reasonably incurred for the benefit of the Class and awards the amount requested in full.

**C. Service Award**

The district court must evaluate named plaintiff's requested award using relevant factors including "the actions the plaintiff has taken to protect the interests of the class, the degree to which the class has benefitted from those actions . . . [and] the amount of time and effort the plaintiff expended in pursuing the litigation." *Staton v. Boeing Co.*, 327 F.3d 938, 977 (9th Cir. 2003). "Such awards are discretionary . . . and are intended to compensate class representatives for work done on behalf of the class, to make up for financial or reputational risk undertaken in bringing the action, and, sometimes, to recognize their willingness to act as a private attorney general." *Rodriguez v. West Publishing Corp.*, 563 F.3d 948, 958-959 (9th Cir. 2009). The Ninth Circuit has emphasized that district courts must "scrutiniz[e] all incentive awards to determine whether they destroy the adequacy of the class representatives." *Radcliffe v. Experian Info. Solutions*, 715 F.3d 1157, 1164 (9th Cir. 2013).

Here, the plaintiff came forward to represent the interests of 56,804 others, with very little personally to gain, as plaintiff's individual alleged damages were $23.48. (Coulson Supp. Decl. ¶ 4.) Plaintiff was deposed, compiled documents, answered interrogatories in response to discovery requests, regularly corresponded with counsel, reviewed the pleadings and Settlement Agreement, and took the substantial risk of litigation which, at a minimum, involves a risk of losing and paying the other side's costs. (*See* Coulson Decl. ¶ 8.) Because the laws are not self-enforcing, it is appropriate to give incentives to those who come forward with little to gain and at personal risk and who work to achieve a settlement that confers substantial benefits on others. Thus, the Court approves the requested service award for plaintiff in the amount of $10,000.

United States District Court
Northern District of California

## IV. Conclusion

Based upon the foregoing, the motion for final approval of class action settlement is **Granted**. The motion for plaintiff's expenses, settlement administration costs, and service award is **Granted** as follows: Class counsel is awarded $920,000 in litigation costs. The Claims Administrator is awarded $65,100 in administrator costs. Plaintiff Ji Kwon is granted a service award of $10,000.

Without affecting the finality of this order in any way, the Court retains jurisdiction of all matters relating to the interpretation, administration, implementation, effectuation and enforcement of this Order and the Settlement Agreement.

**It Is Hereby Ordered, Adjudged And Decreed** that final judgment is **Entered** in accordance with the terms of the Settlement Agreement, the order granting preliminary approval of class action settlement filed on December 5, 2025, and this Order. This document will constitute a final judgment (and a separate document constituting the judgment) for purposes of Rule 58 of the Federal Rules of Civil Procedure.

The parties shall file a post-distribution accounting in accordance with this District's Procedural Guidance for Class Action Settlements no later than January 15, 2027. The Court **Sets** a compliance deadline on **January 22, 2027** on the Court's 9:01 a.m. calendar to verify timely filing of the post-distribution accounting.

**It Is So Ordered.**

This terminates Docket Nos. 198 and 199.

Dated: June 11, 2026

**Yvonne Gonzalez Rogers**
**United States District Court Judge**